IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHET & LEO PRODUCE CO., /d/b/a C&L PRODUCE, a California corporation,

Plaintiff,

v.

CASSANDRA, LLC d/b/a CENTRAL PARK RESTAURANT, a California Limited Liability Company, TIMOTHY M. CASS, an individual, and SANDRA R. FREEMAN, an individual,

Defendants.

No. C 05-02282 JSW

**ORDER TO SHOW CAUSE RE**:

**1. WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT; and**

**2. WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 6, 2005, Plaintiff filed a complaint against Defendant alleging a number of causes of action relating to the Perishable Agricultural and Commodities Act, 1930 ("PACA"), 7 U.S.C. § 499a, *et. seq.* Plaintiff concurrently filed an *ex parte* application for a temporary restraining order ("TRO"), which was granted by this Court on June 7, 2005.

The terms of the TRO required Plaintiff to serve Defendants "forthwith" with a copy of the TRO, required Defendants to file a response to Plaintiff's motion for a preliminary injunction by 12:00 p.m. on June 15, 2005, and set the matter for a hearing on the motion for a preliminary injunction on June 20, 2005 at 10:00 a.m.

On June 17, 2005, Defendants filed an opposition to Plaintiff's motion for a preliminary injunction and incorporated within that filing a request for an order to show cause as to why Plaintiff should not be held in contempt. In their opposition, Defendants asserted that Plaintiff had not yet served them with a copy of the TRO and that they only learned of the TRO when

funds in their main bank account were not available to be used.  (*See generally* Defendants Opp.; Declaration of Timothy Cass, ¶ 7; Declaration of Sandra Freeman, ¶ 8.)  At the hearing, local counsel represented that Plaintiff did not learn that the TRO had been issued until approximately June 14, 2005, and began efforts to serve Defendants at that point.  However, the Court's docket indicates that Plaintiff's lead counsel Lawrence H. Meuers was served with the TRO electronically on June 7, 2005 at approximately 3:02 p.m.  (Docket No. 10.)

In addition to the question of service, the facts presented by Defendants' opposition to Plaintiff's motion for a preliminary injunction also raise questions as to whether this Court has subject matter jurisdiction over this action.

Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE as to why it should not be held in contempt for failing to serve Defendants "forthwith" with a copy of the TRO.  Plaintiff is required to present this Court with a detailed chronology of events commencing on the date the complaint was filed through the hearing on the motion for a preliminary injunction, including the date and time on which Defendants' bank, or other third parties, was served with the TRO.  Plaintiff also is ordered to advise the Court of all efforts it undertook to serve Defendants with the TRO, the complaint, and the related pleadings.  Plaintiff also should provide the Court with the factual basis for its belief that this Court had subject matter jurisdiction over the action under PACA at the time it filed the complaint.

Plaintiff is FURTHER ORDERED TO SHOW CAUSE that this Court has subject matter jurisdiction over this action.  In its response, Plaintiff should provide the Court with evidence and legal authority to support its position.

Plaintiff's written response to this Order to Show Cause shall be due on July 5, 2005.  Defendants' response shall be due on July 19, 2005.  In their response, Defendants shall advise the Court of what damages they claim to have suffered as a result of Plaintiff's failure to serve them with a copy of the TRO.  Defendants also shall advise the Court of any damages they claim they suffered on the ground that Plaintiff improperly filed this action under PACA.

This matter shall be set for a hearing on this Order to Show Cause on Friday, August 26, 2005 at 9:00 a.m.  Lead counsel for Plaintiff, Mr. Meuers, is ORDERED to appear in person for this

hearing. In addition, the Court ORDERS that a client representative for both Plaintiff and Defendants appear in person at the hearing on the Order to Show Cause.

**IT IS SO ORDERED.**

Dated: June 20, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE