IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET & LEO PRODUCE CO., /d/b/a C&L PRODUCE, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CASSANDRA, LLC d/b/a CENTRAL PARK RESTAURANT, a California Limited Liability Company, TIMOTHY M. CASS, an individual, and SANDRA R. FREEMAN, an individual,<br><br>    Defendants.<br>_____/ | No. C 05-02282 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND DENYING PLAINTIFF'S MOTION TO CONSOLIDATE TRIAL ON THE MERITS WITH HEARING ON PRELIMINARY INJUNCTION** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion for a preliminary injunction filed by Plaintiff Chet & Leo Produce Co., d/b/a C&L Produce ("Plaintiff"). Also before the Court is Plaintiff's motion to consolidate the trial on the merits with the hearing on the motion for a preliminary injunction. Because Defendants have not yet been served with the Complaint, the Court DENIES the request to consolidate the trial on the merits with the hearing on the motion for a preliminary injunction.

Having considered the parties' pleadings and evidence, and having had the benefit of oral argument, for the reasons set forth herein, the Court DENIES the motion for a preliminary injunction.

**PROCEDURAL HISTORY**

On June 6, 2005, Plaintiff filed a complaint in this Court against Defendants and filed an *ex parte* application for a temporary restraining order ("TRO"). On June 7, 2005, this Court granted Plaintiff's *ex parte* application and issued a TRO without notice to Defendants. However, the Court ordered Plaintiff to serve Defendants with the TRO "forthwith." The Court also ordered Defendants to file a response to Plaintiff's motion for a preliminary injunction by June 15, 2005, and set the matter down for hearing on June 20, 2005 at 10:00 a.m.

Defendants filed their response on June 17, 2005. In their opposition, Defendants represented that, as of 2:30 p.m. on June 17, 2005, Plaintiff had not served them with the TRO. At the hearing on the motion for the preliminary injunction, Plaintiff confirmed that Defendants had not yet been served with the TRO or the complaint. Plaintiff also, however, contended that it did not learn the TRO had been issued until June 14, 2005. The Court addresses these contentions in an Order to Show Cause issued on June 20, 2005.

On June 20, 2005, the Court heard oral argument on the motion for a preliminary injunction. Each party was represented by counsel at the hearing.

**FACTUAL BACKGROUND**

Plaintiff is a licensee under the Perishable Agricultural Commodities Act ("PACA"). (Declaration of Chester E. Lievre, Jr. ("Lievre Decl."), ¶ 4.) Defendant Cassandra LLC ("Cassandra") d/b/a Central Park Restaurant is one of Plaintiff's customers. (*Id.*, ¶ 11-12.) Defendants Timothy M. Cass ("Cass") and Sandra R. Freeman ("Freeman"), through Cassandra LLC, have an ownership interest in Central Park Restaurant. (Declaration of Timothy Cass ("Cass Decl."), ¶ 2; Declaration of Sandra Freeman ("Freeman Decl."), ¶ 2.)

Central Park Restaurant had been one of Plaintiff's customers for over ten years. (Lievre Decl., ¶ 11.) Cass and Freeman acquired their ownership interests in the restaurant approximately three years ago. (Lievre Decl., ¶ 12; Cass Decl., ¶ 2; Freeman Decl., ¶ 2.) Plaintiff contends that after Defendants acquired Central Park Restaurant, they fell behind in payments to Plaintiff. (Lievre Decl., ¶¶ 16-19.) At the hearing on this motion, Defendants represented that the problem with payment began before they acquired an ownership interest in Central Park Restaurant. Defendants

did not produce evidence in opposition to the motion to support this contention. Plaintiff contends that it has not been paid by Defendants since July 2004. (Lievre Decl., ¶¶ 15-19.)

Plaintiff's invoices to Cassandra contain a notice as follows: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivable or proceeds from the sale of these commodities until full payment is received. TERMS: Net 10 days." (*Id.*, Ex. A.)

The summary of the invoices submitted by Plaintiff demonstrate that it is owed $89,123.93. (*Id.*, Ex. A.) Plaintiff has not summarized for the Court the total quantities of perishable agricultural commodities covered by the invoices. Defendants present evidence that the total amount of produce ordered from Plaintiff during the years 2002 through 2004 is under $230,000.00, in any given year. Further Defendants aver that they do not purchase produce in "wholesale or jobbing quantities," as that phrase is defined under PACA. (*See* Declaration of Timothy Cass ("Cass Decl."), ¶¶ 3-4; Declaration of Sandra Freeman ("Freeman Decl."), ¶¶ 3-4, Exs. A-C.) Defendants also aver that they are not "brokers" or "commission merchants" subject to PACA. (Cass Decl., ¶¶ 5-6; Freeman Decl., ¶¶ 6-7.)

## ANALYSIS

### A. Standards Applicable to Motions for Preliminary Injunction.

The standards for obtaining a preliminary injunction are well established. It is appropriate to issue a preliminary injunction if the moving party establishes either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party. *Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). "'These formulations are not different tests, but represent two points on a sliding scale in which the degree of irreparable harm increases as likelihood of success on the merits decreases.'" *Associated Gen. Contractors of Calif. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991) (quoting *Big Country Foods, Inc. v. Board of Education*, 868 F.2d

1085, 1088 (9th Cir. 1989)).

### B. Plaintiff Has Not Met Its Burden to Show It Is Entitled to a Preliminary Injunction.

"PACA protects sellers of perishable agricultural commodities by subjecting a 'merchant, dealer, or retailer' of perishable produce to a trust on the proceeds of the sale of perishable produce and food derived from that produce, for the benefit of all unpaid sellers." *Royal Foods Co., Inc. v. RJR Holdings Inc.*, 252 F.3d 1102, 1104 (9th Cir. 2001.)  Specifically, PACA provides, in pertinent part, that:

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. ...

7 U.S.C. § 499e(c)(2).

This statutory scheme "permits suit for breach of fiduciary duty if produce related assets are depleted such that they are not sufficient to pay all suppliers ... ." *J.C. Produce, Inc. v. Paragon Steakhouse Restaurants*, 70 F. Supp. 2d 1119, 1120 (E.D. Cal. 2000);[1] *see also Royal Foods*, 252 F.3d at 1105 (seller seeking to protect PACA rights may complain to Secretary of Agriculture or bring a civil suit).

Plaintiff is a PACA licensee seeking to enforce its rights in alleged PACA trust assets. *See* 7 U.S.C. § 499a(b)(6) (including within definition of "dealer" a "person not considered as a 'dealer' under clauses (A), (B), and (C)," of section 499a(b)(6), a person who elects to secure a license under section 499c).  Plaintiff has presented evidence that it has not been fully paid for produce that it sold to Cassandra.  Plaintiff also presented evidence that it notified Defendants of its intent to preserve its right in PACA trust assets. (Lievre Decl., ¶ 5 and Ex. A.)  *See J.C. Produce*, 70 F. Supp. 2d at 1122 n.5

---

[1] Indeed, under the statutory scheme, produce related assets will be taken out of a bankruptcy estate of a bankrupt merchant, dealer or broker. *J.C. Produce*, 70 F. Supp. 2d at 1120.

4

(concluding that notice on plaintiff's invoice, which advised that produce was sold pursuant to statutory trust authorized by PACA, appeared to comport with PACA's statutory notice requirements).

Although the parties do not appear to dispute that restaurants can be subject to PACA, Defendants claim that they do not meet the statutory definition of "dealer" for two reasons.[2] First, Defendants contend they are not engaged in the business of buying or selling in "wholesale or jobbing quantities." Under PACA, "wholesale or jobbing quantities" means "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." *See Royal Foods*, 252 F.3d at 1105 n.4 (quoting 7 C.F.R. § 46.2(x)). In their declarations, Mr. Cass and Ms. Freeman attested that during the last 14 years, there has not been an occasion on which a delivery of produce to Cassandra or Central Park Restaurant totalled one ton or more. (Cass Decl., ¶ 4; Freeman Decl, ¶ 5.) At the hearing on this matter, in response to the Court's direct question, Defendants also represented, through counsel, that they would not otherwise meet the statutory definition of "wholesale or jobbing quantities," *i.e.* that they have not bought or sold in the aggregate produce totaling one ton or more in any day, shipped, received or contracted to be shipped or received.

Second, Defendants contend that they do not qualify as a "dealer" under PACA because in the last 14 years there has not been an occasion where the amount of "produce" purchased exceeded $230,000.00. (Cass Decl., ¶ 3; Freeman Decl., ¶¶ 3-4, Exs. A-C.) Under PACA, "no person buying [perishable agricultural commodities] solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000." 7 U.S.C. § 499a(b)(6)(B).

To counter Defendants' argument and evidence, Plaintiff points the Court to Mr. Lievre's declaration and the invoices attached thereto. Although that declaration does not summarize the quantities of perishable agricultural commodities purchased in a given day, based upon the Court's review of the invoices, it cannot find that Plaintiff has met its burden to show Defendants qualify as

---

[2] Based on the record before the Court, it would not appear that Defendants meet the statutory definitions of "broker" or "commission merchant." Thus, the crux of this motion is whether Defendants qualify as "dealers."

5

dealers under PACA. As such, Plaintiff has not established a likelihood of success on the merits of its claims.[3]

Further, the Cass Declaration and Freeman Declaration rebut Plaintiff's contention that Cassandra is in a dire financial situation, such that Plaintiff would be deprived of its interest in alleged PACA trust assets if an injunction did not issue. Accordingly, the Court also finds that Plaintiff has neither established that it would be irreparably harmed, nor that serious questions as to the merits are raised and that the balance of hardships tips sharply in its favor. *Stuhlbarg*, 240 F.3d at 839-840.

## CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has not met its burden to show that it is entitled to a preliminary injunction and the motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 21, 2005

　　　　　　　　　　　　　　　　　　／s／ Jeffrey S. White
　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff requested a continuance of the hearing and the opportunity to conduct limited discovery with respect to Defendants' opposition. The Court denied this request on the record at the hearing. It is Plaintiff's burden to show that it is entitled to preliminary injunctive relief. The fact that Plaintiff may not have had the time it would have liked to respond to Defendants' opposition appears to the Court to be due to Plaintiff's failure to monitor the case and due to its failure to comply with the Court's Order to serve Defendants forthwith.

6