**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHET & LEO PRODUCE CO., d/b/a C&L PRODUCE, a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CASSANDRA, LLC d/b/a CENTRAL PARK RESTAURANT, a California Limited Liability Company, TIMOTHY M. CASS, an individual, and SANDRA R. FREEMAN, an individual,<br><br>    Defendants.<br>_____/ | No. C 05-02282 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 26, 2005:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

The Court **tentatively finds** that it lacks subject matter jurisdiction over this case and **tentatively denies** Plaintiff's request for limited discovery on that subject.

The parties shall have ten (10) minutes to answer the following questions.

1. Would Plaintiff concede that based on the evidence currently before the Court it could not find that Defendants qualify as a "dealer" under PACA, *i.e.* that Plaintiff has not demonstrated that there is conflicting evidence in the record regarding subject matter jurisdiction? If not, can Plaintiff point the Court to a particular invoice that shows Defendants purchased more than 2000 pounds of produce in a given day?

2. If Plaintiff cannot show that Defendants qualify as a dealer in the first instance, why does the Court need to reach the question of whether the "retailer" exception applies?

3. a. Given the declarations from Defendants and the invoices that are already in the record, the Court requests that Plaintiff provide a specific offer of proof at the hearing as to the forms of discovery it wishes to obtain from the Defendants, what facts it expects to adduce from that discovery, and Plaintiff's basis for believing it would adduce such facts.

   b. The Court assumes that Defendants would object to Plaintiff's request for discovery, yet Defendants have raised a factual attack to Plaintiff's assertion of subject matter jurisdiction. Assuming the Court were to find there are conflicting facts in the record, do Defendants have any authority to suggest that the Court cannot grant Plaintiff's request for discovery, especially in light of the fact that Defendants have not yet answered the complaint? *See, e.g., St. Clair v. City of Chico,* 880 F.2d 199, 202 (9th Cir. 1989).

Dated: August 19, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE