1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT
7
8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   CHET & LEO PRODUCE CO., d/b/a C&L
    PRODUCE, a California corporation,
10                                                    No. C 05-02282 JSW
            Plaintiff,
11                                                   **ORDER DISCHARGING ORDER**
    v.                                               **TO SHOW CAUSE RE**
12                                                   **CONTEMPT FOR FAILURE TO**
    CASSANDRA, LLC d/b/a CENTRAL PARK                **SERVE FORTHWITH**
13  RESTAURANT, a California Limited Liability
    Company, TIMOTHY M. CASS, an individual,
14  and SANDRA R. FREEMAN, an individual,
15          Defendants.
16  _____/
17          On June 20, 2005, at the request of Defendants, this Court issued an Order to Show
18  Cause directing Plaintiff to show cause why it should not be held in contempt for, *inter alia*,
19  failing to comply with this Court's order granting Plaintiff's *ex parte* application for a temporary
20  restraining order ("TRO"), in which the Court ordered Plaintiff to serve Defendants
21  "forthwith."[1] The Court has received Plaintiff's response to the Order to Show Cause,
22  Defendants' response thereto, and Plaintiff's reply. Having considered these pleadings, relevant
23  legal authority, and the record in this case, the Court discharges the Order to Show Cause
24  regarding service. The Court does not condone counsel's behavior.[2] However, the Court cannot
25
26  _____
27          [1]     The Court also ordered Plaintiff to show cause with respect to the factual basis
    for asserting subject matter jurisdiction exists in this action. The Court shall rule on that
28  aspect of the Order to Show Cause following the hearing on August 26, 2005.

            [2]     Based on the response to the Order to Show Cause, it is clear to the Court that
    Plaintiff's counsel, not Plaintiff itself, should be held accountable for any violation of the
    Court's order regarding service of the TRO.

**United States District Court**

For the Northern District of California

**United States District Court**

For the Northern District of California

1   find by clear and convincing evidence that counsel violated the Court's order beyond substantial

2   compliance and or that he acted in bad faith.[3]

3         To hold plaintiff's counsel in contempt for this alleged violation, the Court must find by

4   clear and convincing evidence that he disobeyed "a specific and definite court order by fail[ing]

5   to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video*

6   *Cassette Recorder Antitrust Lit.*, 10 F.3d 693, 695 (9th Cir. 1993). "The contempt need not be

7   willful, and there is no good faith exception to the requirement of obedience to a court order. ...

8   But a person should not be held in contempt if his action appears to be based on a good faith and

9   reasonable interpretation of the court's order." *Id.* (internal citations, quotation marks and

10  brackets omitted). Even if a party has engaged in a few technical violations of a court's order, a

11  defense of substantial compliance will not be vitiated "where every reasonable effort has been

12  made to comply." *Id.*

13        In this case, counsel asserts that although he sought the extraordinary remedy of an *ex*

14  *parte* temporary restraining order freezing Defendants' bank accounts, because in his experience

15  it can take "anywhere from a few hours to a few days" for a court to rule on such a request, he

16  did not think to inquire about the status of the case approximately a week after he filed his

17  application. Counsel assumed that if the Court had ruled before that time, he either would have

18  been notified by the Court's electronic filing system of a ruling or that he would have heard

19  from this Court regarding the scheduling of a hearing. (*See* Plaintiff's Resp. to OSC, ¶¶ 9-10.)

20  Not having heard from the Court, counsel states he asked an associate to check the Court's

21  docket on June 14, 2005, and that he did not receive any email messages from the Court

22  regarding reassignment or the TRO.

23        The Court's records indicate, however, that the Order was served via the Court's

24  electronic filing system on June 7, 2005, and that there were no returned messages from

25  counsel's email account to the Court's electronic filing system. While the Court will take

26  counsel at his word that the first he learned of the Court's order was on June 14, 2005, in the

27

28      [3]    The Court, of course, has the inherent power to sanction bad faith conduct.
*See Chambers v. Nasco*, 501 U.S. 32 (1991).

2

**United States District Court**

For the Northern District of California

1   future, when filing requests for extraordinary relief such as that requested in this case, the Court

2   expects counsel to monitor his case more diligently, especially when counsel knows the case is

3   to be reassigned.  Counsel's failure to do so in this instance contravened the directives of

4   General Order 45, which states that "the parties are strongly encouraged to check the docket in

5   their case on the electronic filing system at regular intervals," and shows a lack of due diligence.

6          The Court also finds counsel's explanation as to why Defendants were not served with

7   the TRO at or about the same time as Defendants' bank was served to be unsatisfactory.

8   Counsel claims that in his experience, with cases like these it is necessary to serve a bank first to

9   avoid the dissipation of funds and that it takes time for a bank to implement the terms of the

10  TRO.  (*See* Plaintiff's Resp. to OSC, ¶¶ 17, 31.)  If Defendants were served at the exact same

11  time as the bank, Defendants would have acted at *their peril* by violating the terms of the TRO.

12  Thus, the Court does not find that counsel's explanations persuasively explain why Defendants

13  were not served either simultaneously or immediately after the bank was served with the TRO,

14  *i.e.* on the same day, rather than waiting an additional day as plaintiff's counsel did in this case.

15         Counsel further defends his actions by claiming that the process server did not attempt to

16  serve Defendants at their homes and that this was a "unilateral" decision on the process server's

17  part.  (*Id.*, ¶ 21.)  As to the individual defendants, the process server was provided with

18  Defendants' home addresses, and Plaintiff's counsel does not aver that he directed the process

19  server to attempt service on those defendants at home and that the process server ignored this

20  directive.  It was Plaintiff's responsibility to ensure that every effort was made to serve all

21  Defendants and if the process server made a "unilateral" decision not to serve the individual

22  defendants at home, Plaintiff's counsel should have countermanded that decision.  As to the

23  corporate defendant, the record demonstrates that once the process server began to attempt

24  service on June 15, 2005, it made repeated attempts to effect service but was unsuccessful.  (*See*

25  Meuers Aff., Ex. A.)  Although the Court does not find that any of the Defendants were evading

26  service, as counsel contends, it does note that both Mr. Cass and Ms. Freeman declare they were

27  present at Central Park Restaurant on the days the process server attempted service at the

28  restaurant.

United States District Court

For the Northern District of California

1    The Court also concludes that it is not clear from the record that it was, in fact, Plaintiff

2    counsel's conduct that caused the alleged harm to Defendants and which forms the basis of their

3    request for a finding of contempt.  Defendants submitted evidence from two of their employees

4    stating that these could not cash their checks on Monday, June 13, 2005.  (*See* Atreaga and

5    Caranza Declarations.)  Plaintiff's counsel, however, puts forth evidence demonstrating that his

6    office did not contact the Defendants bank or provide the bank with the TRO until the next day,

7    June 14, 2005.  (*See* Reardon Decl., Cordes Decl., Ex. A.)  Thus, there is no clear link in the

8    record between the alleged violation of the Court's order and the alleged harm caused.

9    Considering all of this evidence, the Court cannot find by clear and convincing evidence

10   that Plaintiff's counsel did not make every reasonable effort to comply with the Court's

11   directive to serve Defendants "forthwith."  Accordingly, the Court discharges the Order to Show

12   Cause with respect to service.  The Court does not, however, condone counsel's conduct and, if

13   a lesser burden were applicable, the Court would impose sanctions.  As such, counsel is hereby

14   put on notice that if he appears before this Court again upon a similar application, "forthwith"

15   means, as it states in Black's Law Dictionary, "immediately" and "without delay."

16   **IT IS SO ORDERED.**

17

18   Dated:  August 19, 2005                                    _____

19                                                                     JEFFREY S. WHITE
                                                                      UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4